UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Gregory Argo,** | ) | **CASE NO. 1:10 CV 1157** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Cleveland Public Library,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 8). Plaintiff did not oppose the motion. For the following reasons, the motion is DENIED.

**Facts**

Plaintiff, proceeding *pro se*, filed his Complaint in the Cuyahoga County Common Pleas Court against defendant, Cleveland Public Library. The case was removed to this Court on the basis of federal question jurisdiction.

Plaintiff's Complaint asserts two causes of action which also set forth the factual basis

1

of his Complaint. Count One asserts that plaintiff is a Caucasian male who was hired by defendant as a security guard on March 5, 2007. After three months, plaintiff noticed that an African American male "was favored heavily with overtime." In April 2007, the Assistant Chief of Security in Operations made several demands of plaintiff and others to perform oral sex on him in order to receive overtime. After plaintiff discussed matters with a union steward, he was subjected to administrative harassment. In retaliation, plaintiff was assigned "unreasonable and strenuous duties that lead to aggravation of bodily injuries." Plaintiff had to take a medical leave for which defendant delayed and/or withheld necessary documentation. Plaintiff was then wrongfully terminated on November 7, 2007, retroactive to September 27, 2007. Count Two asserts that the Assistant Chief of Security in Operations violated city, state, and federal laws in seeking sexual favors.

Prior to removal, defendant filed a Motion for a More Definite Statement. By Journal Entry of May 12, 2010, the state court granted the motion and ordered plaintiff to file a more detailed complaint by June 14, 2010. Plaintiff did not do so. (Doc. 1 Exs. B and C)

On May 27, 2010, following removal, defendant filed its second Motion for a More Definite Statement.  Plaintiff did not respond to the motion or amend his Complaint. On July 7, 2010, this Court issued its Order granting defendant's Motion for A More Definite Statement.  Plaintiff was ordered to file an amended complaint within ten days of the Order or his Complaint would be dismissed.  Including the three additional days provided by Federal Rule of Civil Procedure 6(d), plaintiff had until July 20, 2010 to file his amended complaint.

Plaintiff did not file an amended complaint and this Court was prepared to dismiss the Complaint in accordance with the prior Order.  This Court was notified, via the pending

Motion to Dismiss, however, that plaintiff attempted to file a complaint in the Cuyahoga County Common Pleas Court on July 19, 2010. (Ellen Toth aff. Ex. A-2) This Complaint was accompanied by a note from plaintiff stating, "Please file by 7-20-10 'Deadline' for filing... If wrong clerk location, please send to correct clerk office as soon as possible!" (*Id.*) The Complaint is time-stamped as "filed" July 19, 2010. (*Id.*) Defendant's attorney avers that she received a copy of this Complaint from defendant by facsimile after defendant received it in the mail on July 19, 2010. Defendant's attorney then learned that the Cuyahoga County Common Pleas Court had its original file in the "dead files" due to the removal of the action. (Ellen Toth aff.)

This matter is now before the Court upon defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 41(b).

**Discussion**

Defendant argues that this action must be dismissed, pursuant to Rule 41(b), as plaintiff failed to comply with this Court's July 7, 2010 Order and has attempted to file an amended complaint in the state court which was divested of jurisdiction once the matter was removed.

Although not obligated to do so, this Court, in an abundance of caution and liberality, finds that plaintiff attempted to comply with this Court's Order. This Court recognizes that the state court no longer had jurisdiction over this matter when plaintiff filed his Complaint in that court on July 19, 2010. Nonetheless, plaintiff attempted to abide by this Court's Order as evidenced by his handwritten note requesting that the state court forward the filing to the correct court in the event that it was filed with the wrong court. Therefore, dismissal for

3

failure to file an amended complaint in accordance with this Court's July 7 Order would be inappropriate. Accordingly, plaintiff is hereby ordered to file his amended complaint in this Court by mailing or hand delivering a copy of the document which he attempted to file in the state court to:

> United States District Court, Northern District of Ohio
> Carl B. Stokes U.S. Court House
> 801 West Superior Avenue
> Cleveland, Ohio 44113

The document must be filed by September 21, 2010 and served on defendant in accordance with the Federal Rules of Civil Procedure.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 41(b) is denied. However, plaintiff must comply with this Order as set forth herein.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　/s/ Patricia A. Gaughan
　　　　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: 9/13/10